IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. RISHER, | : | 3:17-cv-1659 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| JOHN WETZEL, *et al.,* | : | Hon. William I. Arbuckle III |
| Defendants. | : | |

## ORDER

**February 10, 2020**

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 38) of United States Magistrate Judge William I. Arbuckle, III, recommending that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute, and the Court noting the Plaintiff has not filed objections[1] to the

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed

instant report, nor has he filed a response to the Defendants' Motion for Summary Judgment despite being ordered to do so and thus further noting that there is no clear error on the record, *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level") and the Court finding Judge Arbuckle's analysis of the *Poulis* factors to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 38) of Magistrate Judge Arbuckle is **ADOPTED** as follows.
2. This matter is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).
3. Defendants' Motion for Summary Judgment (Doc. 32) is **DISMISSED**.
4. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

the magistrate judge's report and recommendation in accordance with this Third Circuit directive.